IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT CHRISTOPHER ALLEGREE,       )
                                   )
        Petitioner,                )
                                   )
    v.                             )   Civil Action No. 2:11cv142-TMH
                                   )            (WO)
JOHNNIE CARR,                      )
                                   )
        Respondent.                )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Robert Christopher Allegree ("Allegree"), a federal prisoner proceeding *pro se*, commenced this action pursuant to 28 U.S.C. § 2241, challenging the sentence imposed by the United States District Court for the Northern District of Iowa in October 1998 upon his conviction for possession with intent to distribute and aiding and abetting possession with intent to distribute approximately 231 grams of methamphetamine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.  Allegree was sentenced to 188 months in prison based in part on the district court's determination that he qualified as a career offender under U.S.S.G. § 4B1.1.  His conviction and sentence were affirmed on appeal to the Eighth Circuit.  *United States v. Allegree*, 175 F.3d 648 (8th Cir. 1999).  Invoking § 2241 via the "savings clause" of 28 U.S.C. § 2255(e), Allegree argues that he is actually innocent of the career offender status upon which the district court based his sentence.

## II.   DISCUSSION

A challenge to a sentence is cognizable by motion filed pursuant to 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a); *see Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).

However, if a remedy under § 2255 is inadequate or ineffective, a federal prisoner may file a § 2241 habeas petition under 28 U.S.C. § 2255(e)'s "savings clause," which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see Sawyer*, 326 F.3d at 1365.

To trigger application of § 2255(e)'s savings clause to a claim for relief, a § 2241 petitioner must establish all three of the following:  (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision establishes that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's

2

trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). A petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim.  *See id*. at 1244 n.3.

Allegree claims entitlement to proceed under the savings clause, asserting that the § 2255 remedy is inadequate and ineffective and that he is actually innocent of being a career offender under the United States Sentencing Guidelines.  Specifically, he alleges that the sentencing court erred when finding that his prior conviction for possession of a sawed-off shotgun was a "crime of violence" for purposes of the career offender guidelines.[1]  He asks to be resentenced without the career offender enhancement or other appropriate relief.

In support of his claim, Allegree cites *Begay v. United States*, 553 U.S. 137 (2008), *United States v. McGill*, 618 F.3d 1273 (11th Cir. 2010), and *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), all of which were decided after his conviction became final.  In *Begay*, the Supreme Court narrowed the definition of what constitutes a "violent felony" for

---

[1] In order to be a career offender under U.S.S.G. § 4B1.1, a defendant must have been at least eighteen years old at the time the defendant committed the instant offense of conviction, the instant offense of conviction must be either a crime of violence or a controlled substance offense, and the defendant must have had at least two prior felony convictions of either a crime of violence or a controlled substance offense.  *See* U.S.S.G. § 4B1.1(a)

Under the sentencing guidelines, a "crime of violence" is defined as a felony under federal or state law that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a).

purposes of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").[2]  553 U.S. at 148.  In *McGill*, the Eleventh Circuit extrapolated from *Begay* to hold that possession of a sawed-off shotgun is not a "violent felony" for purposes of the ACCA, 18 U.S.C. § 924(e)(2)(B).  618 F.3d at 1279.  In the *Gilbert* opinion cited by Allegree, a three-judge panel of the Eleventh Circuit held that a defendant erroneously sentenced as a career offender based on a prior conviction that does not constitute a "crime of violence," as that term is used in U.S.S.G. § 4B1.1 and defined in § 4B1.2(a), is "actually innocent" of being a career offender and thus may collaterally attack, through the savings clause, his erroneous classification as a career offender, even though such a collateral attack would otherwise be procedurally barred.  609 F.3d at 1165-66.

The *Gilbert* opinion cited by Allegree, however, is no longer good law; it was vacated and rehearing en banc was granted.  *Gilbert v. United States*, 625 F.3d 716 (11th Cir. 2010).  On rehearing, the Eleventh Circuit determined that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer

---

[2] *See* 18 U.S.C. § 924(e)(B).  Because the definition of "crime of violence" for application of the career offender guideline enhancement under U.S.S.G. § 4B1.2 is virtually identical to the definition of "violent felony" under the ACCA, the Eleventh Circuit has recognized that the same analysis is used to determine whether a prior conviction qualifies as a "violent felony" under the ACCA or a "crime of violence" under U.S.S.G. § 4B1.2(a)(1)-(2).  *United States v. Williams*, 609 F.3d 1168 (11th Cir. 2010).  *See also United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("This court has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B1.2.").

sentence not exceeding the statutory maximum." *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011). The Eleventh Circuit expressly rejected the argument that the defendant in *Gilbert* was convicted of (and therefore could be actually innocent of) being a career offender:

> A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement . . . . Gilbert's position turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument.

*Id*. at 1320.[3]

Allegree's claim that he is actually innocent of his career offender enhancement, and entitled to proceed under the savings clause, is precluded by the en banc opinion in *Gilbert*.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Allegree be denied and that this case be dismissed with prejudice. It is further

---

[3] In its en banc opinion in *Gilbert*, the Eleventh Circuit further stated that a "claim that a sentencing guidelines provision was misapplied . . . is not a constitutional claim. If it were, every guidelines error would be a constitutional error." 640 F.3d at 1321. In *Gilbert* and subsequent decisions, the Eleventh Circuit has made clear that an error in application of the sentencing guidelines – including the career offender guidelines' enhancement provisions – does not constitute a "fundamental miscarriage of justice" or satisfy the "actual innocence" exception to the procedural-default doctrine and are therefore subject to the ordinary rules of procedural default, as long as the sentence imposed does not exceed the statutory maximum sentence that would have been applied absent the error. *See Gilbert*, 640 F.3d at 1306; *McKay v. United States*, 657 F.3d 1190, 1200 (11th Cir. 2011); *Bido v. United States*, 438 F. App'x 746, 748 (11th Cir. 2011); *Orso v. United States*, 452 F. App'x 912, 914-15 (11th Cir. 2012).

ORDERED that on or before **November 6, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 23rd day of October, 2012.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE